**Evgueni GREBNEV, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–4794–ag.

United States Court of Appeals, Second Circuit.

April 2, 2009.

Evgueni Grebnev, pro se, Staten Island, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Dalin R. Holyoak, Trial Attorney; Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

Present: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY and Circuit Judges.

**SUMMARY ORDER**

Petitioner Evgueni Grebnev, a native and citizen of Russia, seeks review of a March 31, 2003 order of the BIA, affirming the April 6, 2000 decision of an Immigration Judge ("IJ") which denied his application for asylum and withholding of removal. *In re Evgueni Grebnev,* No. A72 779 549 (B.I.A. March 31, 2003), *aff'g* No. A72 779 549 (Immig. Ct. N.Y. City April 6, 2000). We assume the parties' familiarity

with the underlying facts and procedural history of this case.

When the BIA summarily affirms an IJ decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

"While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000). "[T]o turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

In this case, the IJ denied Grebnev's applications because he did not meet his burden of proof due to his failure to provide corroborating evidence of his Jewish identity. The IJ identified on the record three specific pieces of missing corroborative evidence that he considered reasonably available to Grebnev: (1) his birth certificate; (2) a letter from his mother stating that he is Jewish; and (3) affidavits

or letters from his Rabbi or co-congregants from his biweekly religious class in New York City. Each of these missing documents was material to Grebnev's claim that he was targeted for persecution on account of his Jewish identity.

Moreover, Grebnev was apprised of the importance of the missing corroborative documents when he was specifically questioned during his hearing about his failure to produce his birth certificate and letters or affidavits from his Synagogue or co-congregants. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir.2006).[1] With respect to his failure to produce his birth certificate, Grebnev testified that it was stolen in 1996 when his Brooklyn apartment was robbed. He further testified that although he requested his birth certificate from the Russian consulate in New York, he became scared about what could happen to his mother and never received a duplicate copy. He also testified that his mother attempted to get his birth certificate in Russia, but that government officials told her that Grebnev had to get it himself. The IJ properly found these explanations insufficient where Grebnev was able to obtain his work records and medical records from Russia. *See Diallo*, 232 F.3d at 290.

With respect to the absence of a letter from his Synagogue, Grebnev simply stated that he could not obtain such a document because "too many people ask them to give such a letter so they don't give anymore." He also testified that he did not ask his co-congregants for letters in support of his claim. The IJ properly found these explanations insufficient where any one of the fifteen to twenty individuals

---

1. Grebnev, however, was never asked during his hearing why he failed to submit a letter from his mother confirming that he is Jewish. As a result, the IJ was deprived of the opportunity to consider any potential explanation. *See Diallo*, 232 F.3d at 290. However, regardless of this error, remand would be futile as it can be confidently predicted based on the IJ's error-free findings that the agency would reach the same determination on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006).

in the United States who Grebnev allegedly attended religious classes with could have produced an affidavit or testified on his behalf. *See id.*

Although we have suggested that applicants must be given an opportunity to produce reasonably available evidence before an IJ denies relief based on the absence of such evidence, it is apparent from the record that adjourning the proceedings to enable Grebnev to "remedy the supposed evidentiary gap" would have been of no avail. *Ming Shi Xue,* 439 F.3d at 122. Grebnev indicated during his testimony that he could not have obtained his birth certificate or a statement from his Synagogue. Moreover, Grebnev never requested an adjournment for the purpose of gathering corroborative evidence nor represented that he could have produced the evidence specified by the IJ even if given an opportunity to do so. *See id.* In addition, Grebnev was specifically warned by the IJ at a pre-hearing conference held more than a year before this asylum hearing that such missing documents reflected a "very serious gap" in the record; thus, Grebnev was plainly aware that his failure to submit sufficient corroborative evidence could doom his petition, and nevertheless, still failed to submit the relevant documents. Because the evidence identified was material and reasonably available, the IJ properly found that Grebnev did not meet his burden of proof in demonstrating that he possessed a characteristic that anyone would "seek[ ] to overcome ... by means of punishment." *Matter of Mogharrabi,* 19 I. & N. Dec. 439, 446 (B.I.A. 1987).

As Grebnev argues, the IJ failed to consider a letter from an Orthodox Jewish family purportedly verifying that he is Jewish. The IJ's failure to do so is troubling. As we have held, the IJ's failure to consider evidence material to an applicant's claim ordinarily requires that we vacate the agency's decision and remand to the agency. *See Yan Chen v. Gonzales,* 417 F.3d 268, 272–73 (2d Cir.2005) (discussing the BIA's failure to consider country condition evidence). However, although the IJ failed to consider the letter, remand is not required in this case. The letter Grebnev submitted stated that, as a home attendant, Grebnev helped a Jewish man with his "prayers and other tradition[s]." It does not, however, state that Grebnev is Jewish. Grebnev's failure to provide other reasonably available evidence of his Jewish identity was a sufficient basis on which to find that he had not met his burden of proof. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 563 (2d Cir. 2006). Thus, we find that remand would be futile, as it can be "confidently predict[ed]," based on the IJ's error-free findings that the agency would reach the same determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

Because Grebnev was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). We decline to consider Grebnev's due process argument where that argument is merely a challenge to the IJ's denial of his applications for relief cloaked in constitutional garb. *Cf. Saloum v. USCIS,* 437 F.3d 238, 243–44 (2d Cir.2006).

For the foregoing reasons, the petition for review is **DENIED.** As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.